IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| Daesung Industrial Co., Ltd. and Daesung Celtic Enersys Co., Ltd. | § § § | |
| *Plaintiffs*, | § § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| Samsung HVAC America, LLC f/k/a Quietside, LLC f/k/a Quietside Corporation, | § § § | JURY DEMANDED |
| *Defendant*. | § § § | |

## DAESUNG INDUSTRIAL CO. , LTD. AND
## DAESUNG CELTIC ENERSYS CO., LTD.'S COMPLAINT

Plaintiffs Daesung Industrial Co., Ltd. and Daesung Celtic Enersys Co., Ltd. (together, "Daesung") file this Complaint (the "Complaint") against Defendant Samsung HVAC America, LLC f/k/a/ Quietside Corporation ("Quietside"), respectfully showing as follows:

### I.      PARTIES

1.      Plaintiff Daesung Industrial Co., Ltd., is a corporation formed and existing under the laws of the Republic of Korea, with its principal place of business in Seoul, Republic of Korea.

2.      Plaintiff Daesung Celtic Enersys Co., Ltd. is a corporation formed and existing under the laws of the Republic of Korea, with its principal place of business in Seoul, South Korea.

3.      Defendant Samsung HVAC America LLC was formerly known as Quietside, LLC.  Samsumg HVAC America LLC is a California foreign limited liability company with its principal place of business in Roanoke, Texas.  Samsung HVAC America LLC may be served with process through its registered agent, Sang Lee, at 776 Henrietta Creek Road, Roanoke,

Texas 76262.   Samsung HVAC America LLC f/k/a Quietside LLC will be referred to as Quietside in this Complaint.

## II.   JURISDICTION & VENUE

4.      This Court has jurisdiction under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship, and the amount in controversy exceeds $75,000.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this lawsuit arises from a settlement agreement that was entered into pursuant to a lawsuit filed in this Court.

## III.   FACTUAL BACKGROUND

6.      Daesung manufacturers water heaters and boilers.  In 2007, Daesung entered into a distribution agreement with Quietside (now Samsung) whereby Quietside agreed to distribute Daesung water heaters and boilers throughout North America.

7.      In June 2014, the parties entered into a recall agreement that set forth responsibilities to each of the parties in connection with a voluntary recall of certain Daesung water heaters.

8.      In the Recall Agreement, the parties agreed that Daesung would initiate a voluntary recall in the North America market of certain water heater products with "full authority to discuss and decide on matters pertaining to the voluntary recall. . . ." *See* Recall Agreement, attached hereto as **Exhibit A** ¶ 1.  Quietside agreed to "support and assist Daesung in preparing for and undertaking a voluntary recall. . . ."  Recall Agreement, Ex. A ¶ 2.

9.      All costs and expenses incurred associated with certain reporting requirements and the recall were to be borne by the parties pursuant to the Attachment to the Recall Agreement.  *See* **Exhibit B** (a true and correct Korean to English translation of the referenced attachment).

10.     The parties agreed that if any disputes arose in connection with the Recall Agreement that they were unable to otherwise settle, they would submit those disputes to the Korean Commercial Arbitration Board (the "KCAB").  *See* Recall Agreement, Ex. A ¶ 6.

11.     A subsequent dispute over the amounts to be paid to Daesung by Quietside arose, which the parties were unable to otherwise resolve.  Daesung and Quietside initiated an arbitration before the Korean Commercial Arbitration Board on or about October 14, 2016 relating to the recall agreement.  On February 6, 2017 and March 27, 2017, Daesung and Quietside were heard by the KCAB at the arbitration hearing.

12.     The Independent Arbitrator issued an arbitration decision in favor or Daesung and against Quietside on July 3, 2017 (the "Arbitration Award").

13.     Quietside failed to pay amounts due and owing to Daesung pursuant to the Arbitration Award.

14.     On or about November 22, 2017, Plaintiffs filed a sealed lawsuit against Quietside in the United States District Court for the Eastern District of Texas, whereby Daesung filed its *Application to Confirm Foreign Arbitration Award* to confirm the Arbitration Award issued by the KCAB.

15.     As of February 5, 2018, Quietside owed Daesung $390,000 in connection with the Arbitration Award.

16.     As of February 5, 2018, Quietside owed Daesung an additional $109,000 in connection with the Arbitration Award, representing amounts owed pursuant to the Recall Agreement.

17.     On February 5, 2018, the parties entered into a settlement agreement (the "Settlement Agreement") agreeing to maintain the effectiveness of the Recall Agreement from January 1, 2018 forward.  *See* **Exhibit C** ¶ 14.

18.     The parties also agreed that Quietside would pay Daesung a total of $475,000 by July 31, 2018.  *See* Settlement Agreement, Ex. C ¶ 2.[1]

19.     On December 17, 2020, Daesung sent a letter to Quietside, demanding amounts still due and owing pursuant to the Settlement Agreement, which confirmed the parties' continued obligations under the Recall Agreement.  As of December 17, 2020, Quietside still owed $94,262.16 relating to the amounts incurred in connection with the Recall Agreement and $7,191.28 in interest.

20.     After receiving no response to the December 17, 2020 letter, Daesung sent a second letter to Quietside.

21.     As of this date, Quietside has failed to pay the amounts due and owing to Daesung pursuant to the Settlement Agreement.  Indeed, Quietside has failed to even respond to Daesung's letters or attempts to resolve this matter.

## IV.    CLAIMS

### COUNT I
### BREACH OF CONTRACT

22.     Daesung incorporates by reference the allegations contained in Paragraphs 1 through 21.

23.     The elements of a breach of contract claim under Texas law are: (1) the existence of a valid, enforceable contract; (2) the plaintiff performed under the contract; (3) the defendant

---

[1] The Settlement Agreement references "Sang Lee" and "Daesung" as the parties to the Settlement Agreement.  For purposes of the Settlement Agreement, Sang Lee agreed on behalf of Samsung HVAC America, LLC f/k/a/ Quietside Corporation.

breached the contract; and (4) the defendant's breached caused the plaintiff's damages. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 746 (E.D. Tex. 2013) (citing *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)).

24.     As set forth in Paragraph 17 above, Plaintiffs entered into a valid and enforceable Settlement Agreement with Quietside, which incorporated the Recall Agreement as remaining in place from January 1, 2018 forward.

25.     Pursuant to the Settlement Agreement, Quietside was required to pay Daesung $475,000 and ongoing expenses related to the Recall Agreement.

26.     Daesung performed all of its obligations under the Settlement Agreement.

27.     Quietside breached the Settlement Agreement by failing to pay amounts as agreed in the Settlement Agreement.

28.     Daesung has been damaged as a result of Quietside's breach and has been forced to incur expenses associated with enforcing the Settlement Agreement and expenses associated with the Recall Agreement.

## V.     PRAYER

WHEREFORE, Plaintiffs Daesung Industrial Co., Ltd. and Daesung Celtic Enersys Co., Ltd. pray that Defendant be cited to appear and answer and that Plaintiffs be awarded a judgment against Defendant consistent with the relief pleaded herein, including actual damages, pre-judgment and post-judgment interest as allowed by law, and any and all other relief to which Plaintiffs are entitled.

Respectfully submitted,

*/s/* Matthew H. Davis

**Matthew H. Davis**
Texas State Bar No. 24069580
mdavis@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**COUNSEL FOR PLAINTIFFS**