# EXHIBIT C

# SETTLEMENT AGREEMENT

Daesung Industrial Co., Ltd. and Daesung Celtic Enersys Co., Ltd. (collectively, "Daesung"), on the one hand, and Sang Lee, on the other hand, enter into this Settlement Agreement ("Agreement") and hereby agree as follows:

WHEREAS, on or about November 22, 2017, Daesung filed suit against Samsung HVAC America, LLC f/k/a Quietside, LLC f/k/a Quietside Corporation ("Samsung") in the United States District Court for the Eastern District of Texas, Sherman Division, in Cause No. 4:17-mc-0096 (the "Lawsuit").

WHEREAS, in connection with the Lawsuit, Daesung filed its Application to Confirm Foreign Arbitration Award, pursuant to which Daesung seeks to confirm the arbitration award issued by the Korean Commercial Arbitration Board on or about July 3, 2017 in favor of Daesung and against Quietside, LLC (the "Arbitration Award").

WHEREAS, as of February 5, 2018, Daesung alleges Samsung owes approximately $390,000 to Daesung in connection with the Arbitration Award, which Daesung contends represents all amounts awarded by the Korean Commercial Arbitration Award to Daesung for all expenses incurred by Daesung as of November 30, 2016 in connection with and/or relating to the recall agreement between Daesung Industrial Co., Ltd. and/or Quietside, LLC and/or Quietside Corporation dated June 19, 2014 (the "Recall Agreement") and/or the recall of water heaters manufactured by Daesung and sold by Samsung and/or Quietside, LLC and/or Quietside Corporation (the "Recall"), plus all interest owed by Samsung on those expenses, plus all costs awarded in connection with the Arbitration Award.

WHEREAS, Daesung also alleges Samsung owes an additional approximately $109,000 to Daesung in connection with the Arbitration Award, which Daesung contends represents all amounts owed by Samsung to Daesung in connection with the Recall Agreement and/or the Recall from December 1, 2016 through December 31, 2017, including, but not limited to, all interest accrued on any and all expenses incurred by Daesung in connection with the Recall and/or the Recall Agreement through December 31, 2017.

WHEREAS, Daesung and Sang Lee desire to settle their disputes with respect to all amounts owed by Samsung to Daesung in connection with the Lawsuit, the Arbitration Award, the Recall, and/or the Recall Agreement as of December 31, 2017.

NOW, THEREFORE, in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, including the mutual promises stated herein, Daesung and Sang Lee (collectively, the "Parties," and each, individually, a "Party") agree as follows:

1. **Recitals Incorporated**: All prior paragraphs of this Agreement, including all matters set forth in the recitals (including the "WHEREAS" paragraphs above) are part of and incorporated into this Agreement in all respects.

2. **Payment:** Sang Lee shall pay Daesung $400,000.00 on or before March 12, 2018 (the "First Payment"). In addition, Sang Lee shall pay Daesung a second payment on or before July 31, 2018 in the amount of $75,000.00 (the "Second Payment").

3. **Release:** Provided that Sang Lee timely pays the First Payment and the Second Payment, Daesung for itself and on behalf of its/their respective owners, partners, limited partners, members, managers, officers, directors, employees, shareholders, agents, affiliates, attorneys, predecessors, successors, assigns, representatives, and any and all entities in which Daesung is a member, manager, owner, operator, shareholder, partner, or limited partner (collectively, the "Daesung Parties") release, waive, acquit, and discharge Sang Lee, individually, Challenger Supply Holdings, Inc., and Samsung and their respective owners, partners, limited partners, members, managers, officers, directors, employees, shareholders, agents, affiliates, attorneys, predecessors, successors, assigns, representatives, and any and all entities in which Sang Lee, individually, Challenger Supply Holdings, Inc. and/or Samsung is a member, manager, owner, operator, shareholder, partner, or limited partner (collectively, the "Samsung Parties") from any and all claims, complaints, charges, obligations, liabilities, debts, warranties, demands, suits, proceedings, actions, damages, including interest, and/or causes of action concerning the amounts owed to Daesung through December 31, 2017 in connection with the Recall Agreement, the Lawsuit, and/or the Arbitration Award.

Provided that Daesung dismisses the Lawsuit in accordance with Paragraph 4 of this Agreement, Sang Lee for himself and on behalf of his respective partners, limited partners, members, managers, officers, directors, employees, shareholders, agents, affiliates, attorneys, predecessors, successors, assigns, representatives, and any and all entities in which Sang Lee is a member, manager, owner, operator, shareholder, partner, or limited partner (collectively, the "Lee Parties") release, waive, acquit, and discharge Daesung and its/their respective owners, partners, limited partners, members, managers, officers, directors, employees, shareholders, agents, affiliates, attorneys, predecessors, successors, assigns, representatives, and any and all entities in which Daesung is a member, manager, owner, operator, shareholder, partner, or limited partner from any and all claims, complaints, charges, obligations, liabilities, debts, warranties, demands, suits, proceedings, actions, damages, including interest, and/or causes of action concerning the amounts owed to Challenger Supply Holdings, Inc. and/or Sang Lee through December 31, 2017 in connection with the Recall Agreement, the Lawsuit, and/or the Arbitration Award.

4. **Dismissal:** Within five business days following the execution of this Agreement, Daesung's counsel shall (a) inform the Court presiding over the Lawsuit that the Parties have settled the Lawsuit and (b) request that the Court administratively close and/or stay the Lawsuit. Within five business days following Daesung's receipt of the Second Payment, Daesung shall dismiss the Lawsuit.

5. **Backup Documentation:** Within 30 days following the execution of this Agreement, Daesung shall produce to Sang Lee (at the address directed by Sang Lee's counsel) all backup documentation concerning all costs and expenses incurred by Daesung in connection with the Recall and/or the Recall Agreement, to the extent Daesung contends any portion of such costs and/or expenses are owed by Samsung, including, but not limited to, all invoices and statements received from third parties concerning the amounts charged in connection with the

recall as well as documents evidencing Daesung's payment of any such costs and/or expenses, and any calculation of amounts Daesung believes are owed by Samsung and/or Challenger Supply Holdings, Inc. and/or Sang Lee in connection with the Recall (the "Backup Documents") from December 1, 2016 through December 31, 2017. Daesung shall continue to provide such Backup Documents to Sang Lee on a monthly basis to reflect any additional costs and or expenses incurred by Daesung in connection with the Recall and/or the Recall Agreement. Daesung's production of the Backup Documents to Sang Lee is not a condition precedent to Sang Lee's payment of the First Payment or the Second Payment.

6. **No Assignment or Transfer**: The Parties warrant and represent that as of the execution of this Agreement they have not assigned or transferred all or any portion of the claims, complaints, charges, obligations, liabilities, debts, warranties, demands, suits, proceedings, actions, and/or causes of action being released, waived, acquitted, and discharged under this Agreement.

7. **Authority to be Bound**: Each signatory to this Agreement personally warrants and represents that he/she is fully authorized to bind the persons and/or entities on whose behalf he/she executes this Agreement.

8. **Other Representations and Warranties**: Each Party to this Agreement warrants and represents that he/she/it has read and understood this Agreement and has entered into this Agreement of his/her/its own free will and accord, after full opportunity to investigate the facts and law applicable to this Agreement and the transactions and disputes leading up to the execution of this Agreement, in accordance with his/her/its own judgment and upon advice of his/her/its own legal counsel. Each Party acknowledges that he/she/it has not been induced to enter into this Agreement by any statement, act, or representation of any kind or character on the part of anyone except as expressly set forth in this Agreement. Each Party to this Agreement expressly disclaims reliance on any and all statements, acts, and representations of any kind or character on the part of anyone except as expressly set forth in this Agreement.

9. **Cooperation**: The Parties agree to cooperate with each other, and to execute any further documents that may be needed, to effectuate the terms and intent of this Agreement.

10. **Entire Agreement**: This Agreement contains the entire agreement between or among the Parties and supersedes any and all prior oral or written representations, statements, understandings, arrangements, or agreements between or among the Parties. Neither this Agreement nor any term or condition of this Agreement may be altered, modified, amended, or waived except by a written agreement signed by the Parties.

11. **Interpretation**: This Agreement was the product of arms-length negotiation between sophisticated parties. Accordingly, the Parties agree that this Agreement shall not be construed against the drafter.

12. **Execution**: This Agreement may be executed in multiple counterparts. For purposes of executing this Agreement, a document signed and transmitted by facsimile machine, telecopier, or by scan and attachment to an email transmission shall be treated as an original document; the signature of any Party thereon shall be considered an original signature, and the

document transmitted shall have the same binding legal effect as an original signature on an original document.

    **13.** **Governing Law:** Texas law shall govern the validity, construction, performance, and enforcement of this Agreement.

    **14.** **Recall Agreement Effective:** The Recall Agreement shall remain in place for all expenses and/or costs incurred in connection with the Recall from January 1, 2018 forward.

    **15.** **Confidential:** The Parties agree that this Agreement is confidential.

    The Parties hereto have executed this Settlement Agreement on the dates indicated below.

[Signatures on following page]

**Sang Lee:**

By:

Signature: _/s/ Sang W. L_____

Date: _2-5-2018_____

**Daesung Celtic Enersys Co., Ltd.:**

By:

Signature: _____

Printed Name: _Feb 5 2018     DONGTAEK LEE_

Title: _Overseas sale team leader_

Date: _____

**Daesung Industrial Co., Ltd.:**

By:

Signature: _____

Printed Name: _K. W. CHONG_

Title: _President_

Date: _Feb 3rd 2018_

2615543_1
SETTLEMENT AGREEMENT                                       Page 5 of 5